Submitted September 12, affirmed November 8, 1961

CRITESER et ux *v.* TALLON

365 P. 2d 1064

Thomas C. Hartfiel, Roseburg for appellants.

No appearance for respondent.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

SLOAN, J.

Plaintiffs brought this action to recover rental payments alleged to have been due to them from defendant on a written lease. Defendant, Carl P. Tallon, filed a counterclaim in equity which alleged a mutual mistake in the execution of the lease and prayed for rescission. The trial court entered a decree for defendant which rescinded the lease and required plaintiffs to return certain prior payments made under the lease. Plaintiffs appeal. After the appeal was perfected, Freda M. Tallon, as executrix of the estate of Carl P. Tallon, was substituted as the defendant-respondent.

In 1954 plaintiffs, as lessors, and Tallon, as lessee, had entered into a lease of a gravel bar in the South Umpqua River near Roseburg. The description of the gravel bar contained in the lease was taken from a prior lease between plaintiffs and the state highway department. The highway department had taken substantial quantities of gravel from the sand bar. The evidence is clear and convincing that both plaintiffs and Tallon, thought the description contained in the lease between them described the area of the sand bar from which the state had taken the gravel. Both parties later learned that they had been mistaken. The state highway commission had also been mistaken but that is not material here. Plaintiffs had not owned the actual land upon which the gravel was situate.

Plaintiffs first learned of the mistake when they entered into a lease of adjoining land with another party. This apparently occurred in 1956. That party had the area surveyed and found that plaintiffs did not own the land from which both the state and Tallon had taken gravel. That party notified plaintiff of the mistake. Plaintiffs, however, did not notify Tallon

of the mistake. The error was finally called to the attention of Tallon by the other party. Tallon then had the property described in the lease surveyed. That survey confirmed the error in the description contained in the lease and demonstrated that plaintiffs had not owned the land they thought they had leased to defendant. Defendant then attempted to find gravel on the actual property described in his lease. No useable gravel was found. He then notified plaintiff that he was canceling the lease and asked for rescission.

■■ At the trial, Tallon testified that prior to the execution of the lease, plaintiff F. F. Criteser had gone on the gravel bar with him and pointed out the boundary line. Tallon's testimony was supported by one of his employees who testified that he had been present at the time. Plaintiff F. F. Criteser denied that he had done so. His denial was not wholly believable. Regardless of that, however, there was testimony by plaintiff F. F. Criteser that he had been mistaken as to the actual location of his property when the lease was executed. He admitted that he had thought that the gravel bar was on his property when he executed the lease. The facts of this case present a classic example of a mutual mistake. Restatement, Restitution, Ch 2, Mistake.

"* * * Thus, both parties may be mistaken as to the very existence* or identity* of the subject-matter of the contract; in such cases rescission is freely granted." (Footnotes omitted). 5 Pomeroy's Equity Jurisprudence, (2d Ed, 1919) 4745.

The evidence supports the trial court's decree of rescission and the restitution of the amounts previously paid.

Decree affirmed.